**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASCUAL LEOS CERVANTES,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | CASE NO. CV 14-04659 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　Plaintiff Pascual Leos Cervantes seeks review of the Social Security Commissioner's decision denying his application for disability benefits. The Administrative Law Judge found that, although impaired, Plaintiff could perform jobs that exist in plentiful quantities in the economy, and hence was not disabled. [AR 20-29] Plaintiff challenges that determination on three grounds.

　　　　Plaintiff first argues that the Administrative Law Judge failed to give appropriate weight to the treating physicians, Drs. Gailuinas and Sargeant. As for Dr. Sargeant, any error would be harmless because, as the Commissioner notes in this Court, Dr. Sargeant only opined that Plaintiff could not perform his then-current work, and this is essentially the same finding the Administrative Law Judge made here, when the Administrative Law Judge found that Plaintiff could not perform his past relevant work.

[AR 27] Accordingly, the Administrative Law Judge's assessment of Dr. Sargeant does not provide any basis for overturning the Commissioner's decision.

For his part, Dr. Gailuinas filled out a residual functional capacity questionnaire, after the hearing in this case had been held. [AR 25] In that questionnaire, Dr. Gailuinas concluded that Plaintiff was so impaired that he could barely function. [AR 547] The Administrative Law Judge rejected Dr. Gailuinas' conclusions. He found inconsistencies between what Dr. Gailuinas said and what the Plaintiff himself said; he found a lack of correspondence between what Dr. Gailuinas said and what the objective record showed; and he found that Dr. Gailuinas opined on matters that he had neither treated Plaintiff for, nor had formed part of his diagnosis. [AR 25]

As the Commissioner notes in this Court, there is some question as the extent to which Dr. Gailuinas should be considered a treating physician, inasmuch as he treated Plaintiff only a few times, even though Plaintiff claimed to have suffered from his impairments for many years. Dr. Gailuinas did work for the same outfit where Plaintiff had received medical services, even if he himself had not provided them; but in reviewing the records, if he did so, he stands in no greater position than any other doctor reviewing them. As the Commissioner notes, the consultative physicians also reviewed those records, and reached conclusions that Plaintiff was capable of performing much greater functions.

Even if Dr. Gailuinas is considered a treating physician, however, the Administrative Law Judge gave specific and legitimate reasons for rejecting his opinion of Plaintiff's ability to function. Plaintiff quibbles with the reasons that the Administrative Law Judge gave, but the evidence is susceptible to his interpretation and, if so, the Court must respect it, even if it is also susceptible to a different interpretation. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). For instance, Plaintiff objects to the Administrative Law Judge's comparison of Plaintiff's testimony on his ability to lift to Dr. Gailuinas' restriction on his lifting; Plaintiff did testify that he could lift a greater amount than Dr. Gailuinas found. [AR 27] It is also true that, as Plaintiff asserts here, that Plaintiff also testified that if he frequently lifted 15-20 pounds that he would be "unusable"

the following day [*id*.], but that does not belie the fact that his testimony was inconsistent with Dr. Gailuinas' statement that Plaintiff rarely could lift as much as ten pounds. [AR 549 ] And it was also a legitimate ground for disregarding the opinion that it was based, in part, on an impairment that did not even form part of the diagnosis. [AR 550]

Plaintiff's second argument is that the Administrative Law Judge erred in determining his credibility. Again, Plaintiff wants to quibble with the Administrative Law Judge's interpretation of the evidence. In assessing a claimant's credibility, however, an administrative law judge is entitled to use ordinary techniques of evaluating evidence. *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989). Certainly one of those is inconsistencies between statements by a claimant himself. *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1196-97 (9th Cir. 2004). The Administrative Law Judge thus noted that Plaintiff's statement of his inability to stand for longer than 15-20 minutes was belied by his other statements to the contrary in the record [AR 25] and his inability to sit for more than 20 minutes was belied by the fact that he had been sitting for longer than 20 minutes at the hearing at the time he made that statement. [Id.] *Cf. Batson, supra; Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002). As noted, the Administrative Law Judge also referred to inconsistencies in statements about Plaintiff's ability to lift. The Administrative Law Judge also noted that Plaintiff was non-compliant with diet restrictions and medications. [AR 26] All of these are factors that the Administrative Law Judge was entitled to consider, and clearly there was substantial evidence backing his conclusion.

Plaintiff's third argument is a confusing mixture of several points. Plaintiff begins by criticizing the Administrative Law Judge for not including in the residual functional capacity Plaintiff's need for breaks due to naps and diarrhea. However, the Administrative Law Judge explained the reasons that the record did not support such limitations [AR 24], and an administrative law judge is not required to include unsupported limitations in hypothetical questions that he asks a vocational expert. *Rollins v. Massanari*, 261 F.3d 853, 863-64 (9th Cir. 2001).

Plaintiff adds to this argument the assertion that the Administrative Law Judge did not identify the skills that Plaintiff could transfer from his past work to work that was available in the economy. But he found that Plaintiff, who had been a department manager in a pharmacy, could be a department manager in the retail industry, implicitly finding that the transferable skills were those of a department manager; indeed, since pharmacies also often are retail establishments, there may well have been little change in industries either. He also found that Plaintiff could perform as a cashier (and the vocational expert had testified that Plaintiff could perform either as a semi-skilled or as an unskilled cashier.) Despite Plaintiff's contentions, there can be little doubt that there was substantial evidence supporting the Administrative Law Judge's determination.

In accordance with the foregoing, the decision of the Administrative Law Judge is affirmed.

DATED: March 17, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE